FILED
SUPERIOR COURT
OF GUAM

2020 AUG -3 PM 3:44

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

vs.

MICHELLE MARIE HENNEGAN,
DOB: 09/15/1973

Defendant.

Criminal Case No. CM0555-18
Gpd Report No. 18-26976

DECISION AND ORDER
(Defendant's Motion to Dismiss)

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on June 2, 2020 for a hearing on **MICHELLE MARIE HENNEGAN'S** ("Defendant") Motion to Dismiss Due to Insufficient Evidence and Alternatively, the *De Minimis* Nature of the Alleged Offense ("Motion to Dismiss"). Defendant was represented by Assistant Alternate Public Defender Brycen J. Breazeale. Assistant Attorney General Steven J. Haderlie represented the People of Guam ("the People"). After review of the legal arguments and authorities presented by the parties, the Court hereby **DENIES** Defendant's Motion to Dismiss.

## BACKGROUND

On or about September 17, 2018, the Guam Police Department responded to a report of retail theft at the Micronesia Mall Pay-Less Supermarkets ("Pay-Less"), which involved two individuals identified as Defendant and Defendant's brother, Francis Frank Hennegan ("Francis"). Decl. (Nov. 16, 2018). The report states the two individuals entered the store, took shopping bags from a cashier's station and wandered the aisles – alternating between placing merchandise into

their shopping bags, and opening and eating packaged food items. Decl. The individuals then proceeded towards the store's exit, bypassing the cash registers with their shopping bags until stopped by a loss prevention employee. *Id.* When asked for their proof of purchase, neither Defendant nor Francis presented one. *Id.* The police interviewed Defendant, who claimed Francis "was supposed to pay for the items." *Id.* However, Francis claimed diplomatic immunity and stated he was the owner of Pay-Less. *Id.* Pay-Less calculated the total value of the items as $1196.18. *Id.*

Defendant was charged with CRIMINAL FACILITATION (as a Misdemeanor) for her alleged involvement in Francis's crime. Compl. (Nov. 16, 2018). Defendant filed a Motion to Dismiss arguing the charge should be dismissed for insufficient evidence to sustain a guilty verdict. Mot. (Mar. 3, 2020). The People opposed. Opp'n (Mar. 17, 2020). Arguments on the Motion were heard on June 2, 2020, during which the Court took the matter under advisement.

## DISCUSSION

The People allege Defendant is guilty of criminal facilitation, in that knowing Francis intended to commit a crime, she knowingly provided him with substantial assistance. Defendant denies the accusation, seeking dismissal of the charge based on the following: (1) the People cannot prove the requisite elements of criminal facilitation to establish her criminal liability, and (2) the prosecution of Defendant for criminal facilitation is improper under the statutory law of *de minimis*.

**1. Dismissal Is Denied as Sufficiency of the Evidence Is a Question for the Jury.**

Defendant argues dismissal is warranted since the People cannot prove guilt upon the elements of criminal facilitation. Mot. Dismiss 2-4. Guam law states, "A person is guilty of criminal facilitation when, knowing that another person intends to engage in conduct which in fact constitutes a crime, he knowingly furnishes substantial assistance to him." 9 GCA § 4.65. Defendant's assistance was with respect to the underlying crime of retail theft, which is defined as:

> [K]nowingly . . . tak[ing] possession of, carr[ying] away, transfer[ring] or caus[ing] to be carried away or transferred, any merchandise displayed, held, stored or offered for sale in a retail mercantile establishment with the intention of retaining such merchandise or with the intention of depriving the merchant permanently of the possession, use or benefit of such merchandise without paying the full retail value of such merchandise[.]

9 GCA § 43.91(a). Defendant challenges the sufficiency of the People's evidence as to whether she

whether her conduct constituted substantial assistance.

   a. *Dismissal is Improper as Questions of Fact Are Issues for the Jury.*

Defendant states "she did not know, or have any reason to know, [Francis] intended to commit a crime[,]" and that "whatever assistance [Defendant] is alleged to have provided . . . was not intended to promote the commission of any underlying crime." Mot. 2-4. Defendant's *mens rea* argument is twofold. First, she argues that she did not know Francis intended to commit a crime; and second, she did not *knowingly* provide assistance to Francis. Defendant maintains she had no knowledge of Francis's theft intentions as she believed her brother was going to pay for the items. Mot. 3. Thus, as consequence of lacking said knowledge, any conduct characterized as aid to Francis could not have been done knowingly. Notwithstanding, the People argue her "various claims about her knowledge of the situation at the time . . . should be subject to scrutiny under oath in a trial setting in order for a fact-finder to make a proper determination of the facts." Opp'n 4. The Court agrees. A number of issues would arise if the Court were to accept Defendant's unexamined testimony. Notably, Defendant's reliance on statements that are extrajudicial, unsworn, uncorroborated and self-serving raises questions of fact, those of which are beyond purview of the court.

"A fundamental premise of our criminal trial system is that "the *jury* is the lie detector." *United States v. Scheffer*, 523 U.S. 303, 313 (1998) (quoting *United States v. Barnard*, 490 F.2d 907, 912 (9th Cir. 1973) (emphasis added), *cert. denied*, 416 U.S. 959 (1974)). "Determining the weight and credibility of witness testimony . . . has long been held to be the "part of every case [that] belongs to the jury . . . ." *Id.* (quoting *Aetna Life Ins. Co. v. Ward*, 140 U.S. 76, 88 (1891). Thus, whether or not the People can prove Defendant's *mens rea* is not a question for the judge but rather the jury as it is their civic duty to determine the weight of the evidence and which facts to believe. *United States v. Toomey*, 764 F.2d 678, 681 (9th Cir. 1985) (citing *United States v. Young*, 573 F.2d 1137, 1139 (9th Cir. 1978) *and United States v. Kaplan*, 554 F.2d 958, 964 (9th Cir. 1977)). Here, the attendant circumstances of Defendant's testimony are unknown; thus it lacks indicia as to its credibility. *See Minoru Hamamoto v. Acheson*, 98 F. Supp. 904, 906 (S.D. Cal. 1951) ("The court is not bound to accept testimony, even when unimpeached or not directly

contradicted, against presumptions or contrary reasonable inferences from other facts in evidence. Such presumptions and inferences create a conflict for the determination of the trier of facts. In passing on the credibility of witnesses and the weight to be given their testimony, the trier of fact may consider their interest in the result of the case, their motives, the manner in which they testify, and the contradictions appearing in the evidence"). *See also United States v. Cisneros*, 448 F.2d 298, 305-06 (9th Cir. 1971) (citing *Dyer v. Mac-Dougall*, 201 F.2d 265, 268 (2nd Cir. 1952)) ("A trier of fact is not compelled to accept and believe the self-serving stories of vitally interested defendants. Their evidence may not only be disbelieved, but from the totality of the circumstances, including the manner in which they testify, a contrary conclusion may be properly drawn").

The instant matter is still within its preliminary stages; thus, to dismiss at this time is a measure too drastic and premature considering presentation of the evidence has yet to occur. "If [an indictment] is valid on its face, [it] is enough to call for trial on the charge of the merits." *Costello v. United States*, 350 U.S. 359, 363 (1956).[1] [2] To dismiss the matter without the presentation of evidence is akin to a verdict on "mere speculation and conjecture[;]" this would be improper, *See Pennsylvania R. Co. v. Chamberlain*, 288 U.S. 333, 344 (1933). Thus, the Court denies dismissal of the Complaint on this ground.

b. *Guam Statute Designates the Element of "Substantial Assistance" as One for the Jury.*

Defendant argues she did not provide substantial assistance to Francis as the conduct itself was innocent and not intended to aid any type of criminal intent. Mot. 3-4. In contrast, the People argue Defendant's conduct was substantial since theft does not require more than picking up items and leaving with them. Opp'n 6. However, they reiterate substantiality is more properly determined after the presentation of evidence. *Id.* The Court, once again, agrees. Determining substantiality involves evaluating the evidence's weight and sufficiency. These are questions of fact, and as such, they lie within the province of a jury. *See United States v. Black*, 767 F.2d 1334, 1342 (9th Cir. 1985) (citation omitted) ("The credibility or probative force of the evidence offered is, ultimately, an issue for the jury"). Furthermore, this conclusion is supported in the comment of

---

[1] Complaints are "subject to the same rules of pleading as an indictment for information." 8 GCA § 15.10.
[2] Neither justice nor laws require indictments to be open to evidentiary challenges. This rule is founded on sound public policy as permitting challenges of criminal practices may also permit its abuse. *Costello*, 350 U.S. at 363-64.

the statute, which states: "The requirement that the assistance be 'substantial' is intended to leave up to the jury questions[.]" 9 GCA § 4.65. Therefore, the Court denies dismissal of the Complaint on the grounds of insufficient evidence.

### 2. Dismissal Is Denied as the Law of *De Minimis* Does Not Apply to Defendant.

Alternatively, Defendant argues dismissal is warranted since prosecution is inappropriate under the statute of *de minimis*. Guam law provides, in relevant part, that prosecution of a defendant shall be dismissed if:

> [H]aving regard to the nature of the conduct charged to constitute an offense and the nature of the attendant circumstances, [the court] finds that the defendant's conduct . . . [d]id not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction[.]

9 GCA § 7.67(b). Defendant asserts "Payless never suffered any damage" because neither she nor Francis actually left the store with the items. Mot. 3-4. Given that Pay-Less was not damaged, Defendant argues it could not have suffered the type of harm the law was intended to prevent; and analogously, her actions could not have been the type of conduct the law was intended to prevent. Moreover, even if the Court were to find harm, Defendant contends the amount of harm would be "too trivial to warrant a criminal judgment of conviction." Mot. 4.

Society is afforded protection by dismissal of prosecution when an offense is "truly trivial." *Guam v. Perez*, 2004 Guam 4 ¶ 12 (quoting *State v. Zarrilli*, 523 A.2d 284, 288 (N.J. Super. Ct. Law Div. 1987), *aff'd*, 532 A.2d 1131 (N.J. Super. Ct. App. Div. 1987) (internal quotations omitted)). To assess whether an offense is trivial enough to be a *de minimis* infraction, a court must ask: "What is the risk of harm to which society is exposed by defendant's conduct?" *Perez*, 2004 Guam 4 ¶ 12 (quoting *Zarrilli*, 523 A.2d at 288. The risk of harm is weighed on the following factors: "(a) the circumstances surrounding the commission of the offense; (b) the existence of contraband; (c) the amount and value of property involved; (d) the use or threat of violence; and (e) the use of weapons." *Id.* This inquiry requires a court to accept all the factual allegations made against a defendant as true.[3] *Id.* at ¶ 16 (citing *Zarrilli*, 523 A.2d at 286).

---

[3] Any determinations of innocence or guilt are strictly limited to the *de minimis* motion analysis. *See Perez*, 2004 Guam 4 ¶ 16 (stating a *de minimis* motion for dismissal "does not provide a setting for a determination of guilt or innocence") (quoting *Zarrilli*, 523 A.2d at 286).

"In determining whether a prosecution requires dismissal on *de minimis* grounds, a trial court 'must first make factual determinations with respect to the conduct charged and the attendant circumstances[.]'" *Perez*, 2004 Guam 4 ¶ 6 (quoting *State v. Carmichael*, 53 P.3d 214, 218 (Haw. 2002) (as amended) (citation omitted). The Court's analysis begins with the underlying crime of retail theft. Defendant's involvement includes the following acts: entering Pay-Less with Francis, taking shopping bags from the cashier's station, wandering the aisles, placing merchandise in shopping bags, eating and opening packaged food items, walking past the registers and failing to present proof of purchase. The allegations sufficiently constitute retail theft as a presumption of theft forms when a defendant walks past the last station for payment with unpaid items.[4] The amount and value of the property taken is substantial as its total value is $1196.18, which is enough to qualify as felony theft.[5] The remaining factors do not apply here. Thus, in weighing the factors, the Court finds Defendant did cause the harm the law was meant to protect as Pay-Less was divested of the possession, use and benefit of their property.

Next, the Court will analyze Defendant's charge of criminal facilitation. The allegations sufficiently constitute criminal facilitation as her conduct virtually mirrored Francis's actions, *i.e.* actions constituting retail theft. Thus, having the knowledge of Francis's intent to steal, Defendant did knowingly provide substantial aid to Francis as her actions are beyond mere aid. Defendant knew Francis was "supposed" to pay for the items, yet she attempted to leave the premises while knowing that the items in her possession were never scanned, bagged or paid for. Although the remaining *Perez* factors do not apply here, the Court still finds Defendant's actions caused the harm and evil the law of criminal facilitation was meant to protect. The law of criminal facilitation was created to establish criminal liability for "knowing, purposeful, assistance to one who is known or intends to engage in conduct constituting an offense[,]" but to a lesser extent than the principal actor. *See Comment*, 9 GCA § 4.65 *and United States v. Falcone*, 109 F.2d 579, 581 (2nd Cir. 1940), aff'd, 311 U.S. 205 (1940). Its adoption served as a means to hold the criminally liable

---

[4] "If any person . . . removes that merchandise beyond the last station for receiving payments for that merchandise in that retail mercantile establishment, such person shall be presumed to have possessed, carried away or transferred such merchandise with the intention of retaining it or with the intention of depriving the merchant permanently of the possession, use or benefit of such merchandise without paying the full retail value of such merchandise." 9 GCA § 43.92.

[5] Theft is a third-degree felony when the amount involved is between $500.00 and $1499.99. 9 GCA § 43.20(b).

accountable but just a degree which comports with their actions.[6] Guam's legislature has recognized the need to protect the innocent and non-responsible from perpetrators seeking to exploit their immunity. *See* 9 GCA § 4.55.[7] Here, Defendant did cause the harm and evil sought to prevent as Francis, who is considered a non-responsible person, did commit the offense to which she facilitated. Defendant cannot escape liability just because the actual harm suffered differs from the original harm risked.[8] Furthermore, Guam's law of criminal facilitation does not require the completion of the underlying crime.[9] The Court finds Defendant is not entitled to protection under *de minimis* as her actions cannot be considered trivial given the harm it created. Therefore, the Court denies dismissal of the Complaint on the grounds of *de minimis*.

## CONCLUSION

By a preponderance of the evidence and based on the foregoing conclusions, the Court hereby **DENIES** Defendant's Motion to Dismiss.

**SO ORDERED** this ___3___ day of August 2020.

**SERVICE VIA E-MAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:
A G Prosecution,
APO
Date: 8/3/20 Time: 4:14 p
Antonio R Cruz
Deputy Clerk, Superior Court of Guam

The Honorable Anita A. Sukola
Judge, Superior Court of Guam

---

[6] General principles of liability removed the judicial doctrine which formerly imposed the same degree of liability for the person aiding the crime and its actual perpetrator. 9 GCA § 4.60.

[7] A person is guilty of an offense if, acting with the culpability required for the offense, he causes or aids an innocent or non-responsible person to engage in conduct prohibited by the definition of the offense." 9 GCA § 4.55.

[8] A defendant shall not be relieved of responsibility for causing a result if the only difference between what actually occurred and what was designed, contemplated or risked is that a different person or property was injured or affected or that a less serious or less extensive injury or harm occurred. 9 GCA § 4.50(b).

[9] Guam's criminal facilitation statute omits any language requiring completion of the underlying crime, as opposed to New York's statute which Guam's statute is based on. Because such language has been omitted, it suggests strong evidence that it was the legislative intent to extend criminal culpability to defendants of complete and incomplete crimes. *See Yellow Freight Sys., Inc. v. Donnelly*, 494 U.S. 820, 823 (1990) ("The omission of any such provision is strong, and arguably sufficient, evidence that Congress had no such intent.") *See also Castino v. G.C. Corp.*, 2010 Guam 3 ¶ 17; *Core Tech Int'l Corp. v. Hanil Eng'g & Const. Co.*, 2010 Guam 13 ¶ 45; *and Guam Radio Servs., Inc. v. Guam Econ. Dev. Auth.*, 2000 Guam 1 ¶ 19.